**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**LA'DON D. ARNOLD**                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:25CV-822-JHM**

**DEPARTMENT OF CODES AND REGULATIONS,** *et al.*                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff La'Don D. Arnold filed the instant *pro se* action.  This matter is before the Court

on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915(e) and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549

U.S. 199 (2007) and on a motion to stay foreclosure on properties [DN 6].  Upon review, the instant

action will be dismissed, and all pending motions will be denied.

**I.**

Plaintiff sues the Louisville Metro Department of Code and Regulations and Inspector

Tanya Trollinger alleging violations of Plaintiff's Fifth, Sixth, and Eighth Amendment rights under

the United States Constitution.  [DN 1].  Plaintiff alleges as follows:

> I was not allowed Due Process to prepare my cases.  I was told they got anonymous
> tips and I was not able to address my accuser, and I have been double even triple
> fined for the same citation.

> Tammy Trollinger has harassed me over a period of time.  We had altercation since
> then she has been fining my properties excessively of 58 citations 47 are from her.

[DN 1].  In Plaintiff's motion for stay of foreclosure on his properties, he further states that the

"amounts of the claims against myself" are inaccurate, noting that several charges were fines on

properties not owned by him.  [DN 6].

As relief, Plaintiff seeks damages and injunctive relief.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608–09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

**III.**

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.  *Louisville Metro Department of Code and Regulations***

The Louisville Metro Department of Code and Regulations is not a "person" subject to suit under § 1983 because county and municipal departments are not suable under § 1983. *See*, *e.g.*, *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). In this situation, the Louisville Metro Government ("LMG") is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims as against LMG. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

Plaintiff's claims against LMG must be dismissed under the *Rooker-Feldman* doctrine. Under this doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court

from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).  Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court.  *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).  The doctrine applies not only to claims that seek to directly challenge a state-court judgment, but also any federal claims that are 'inextricably intertwined' with such state-court judgments.  *Voit v. Louisville & Jefferson Cnty. Bd. of Health*, 20 F. App'x 488, 489 (6th Cir. 2001).

Plaintiff represents that he was issued multiple civil citations for violations on some of his properties in Jefferson County.  The state district court record reflects that Plaintiff appealed to the Louisville Metro Code Enforcement Board of Appeals pursuant to Ky. Rev. St. § 65.8801.  A hearing was scheduled as mandated by Ky. Rev. St. § 65.8828, and Plaintiff failed to appear at the hearing.  Because of Plaintiff's failure to appear at the hearing, the Code Enforcement Board's citations were deemed final.  Plaintiff appealed the decision to the Jefferson District Court, and the state court dismissed Plaintiff's complaint for failure to meet the legal requirements of Ky. Rev. St. § 65.8828(1).  *See Arnold v. Greenburg*, Civil Action No. 25-C-031190 (Jefferson District Court).[1]

Plaintiff filed this federal action alleging that in his code enforcement action, he was not allowed due process to prepare his case, he was not able to confront his accuser, and he has been subject to incorrect fines.  [DN 1].  Thus, Plaintiff is specifically complaining about the administrative and judicial proceedings he experienced during the code enforcement board appeal

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts.  A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record."  *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

and the state district court proceeding.  As such, his claims against LMG must be dismissed as barred by the *Rooker-Feldman* abstention doctrines.

Furthermore, in as much as Plaintiff is attempting to hold LMG liable for the alleged harassment by its inspector, this claim likewise does not survive initial review.  A municipality, such as LMG, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not identify any policy or custom of LMG that was the motivating force for the alleged "harassment" by the inspector.  Further, a municipality cannot be held liable under § 1983 under a respondeat superior theory, or the right to control employees. *Monell*, 436 U.S. at 691; *Searcy*, 38 F.3d 286; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  Therefore, Plaintiff's claim against LMG must be dismissed for failure to state a claim upon which relief may be granted.

### B.  Defendant Trollinger

Plaintiff alleges that Inspector Trollinger "harassed" him over a period of time.  According to Plaintiff, they had an altercation which led to her fining his properties excessively.  [DN 1].

The Court construes this allegation as a First Amendment retaliation claim. The First Amendment prohibits the government from abridging freedom of speech. U.S. Const. amend. I. Moreover, retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff does not allege that he was engaged in protected conduct. He says only that he had an "altercation" with Defendant Trollinger. An "altercation" is not protected conduct for purposes of a First Amendment retaliation claim. Thus, Plaintiff's First Amendment retaliation claim must be dismissed for failure to state a claim.

In as much as Plaintiff is alleging "harassment" by Defendant Tollinger, this claim is too vague and lacking in factual specificity to state a claim. *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (citing *Twombly*, 550 U.S. at 554–55). Moreover, "verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012). As a result, Plaintiff's harassment claim will be dismissed for failure to state a claim.

**IV.**

For the reasons set forth herein, the Court will dismiss this action by separate Order.

Date:   April 20, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.014

7